810 F.2d 203
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert L. STALLWORTH, Plaintiff-Appellant,
v.
DETROIT BOARD OF EDUCATION; George Bell, President of
Detroit Board of Education, Arthur Jefferson,
General Superintendent, Lynn M. Metty,
Attorney for School Board,
Defendants-Appellees.
 No. 86-1438.
 United States Court of Appeals, Sixth Circuit.
 Nov. 19, 1986.
 
 Before KEITH, GUY and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 Appellant is a former tenured teacher who is seeking appellate review of his allegedly wrongful discharge and of the allegedly wrongful ejection from a school board meeting.
 
 
 2
 On February 18, 1986, the district court entered an order which granted defendants' motion for summary judgment. On February 28, 1986, appellant filed a document entitled "Motion, Brief for Plaintiff's Right to a Claim 'Due Process' ". There are two notices in the record which indicate that, although summary judgment had been entered on February 18, 1986, appellant was to be afforded hearings on his motion for a due process claim. The hearings were scheduled for April 24 and June 24, 1986, but not held on those dates. Appellant filed a notice of appeal on April 25, 1986.
 
 
 3
 It appears that this Court does not have jurisdiction over this appeal. Absent any time-tolling motions, the notice of appeal from the summary judgment of February 18, 1986, was due March 20, 1986. Rule 4(a), Federal Rules of Appellate Procedure. If the motion for a due process claim is construed as a motion to alter or amend judgment pursuant to Rule 59(e), Federal Rules of Civil Procedure, it would toll the time for filing a notice of appeal because it was served on February 28, 1986, within ten days of entry of the February 18, 1986, summary judgment. Rule 4(a)(4), Federal Rules of Appellate Procedure; Rule 59(e), Federal Rules of Civil Procedure. The district court's notices regarding scheduling the hearings on the motion indicates that the district court construed the motion as one made pursuant to Rule 59(e). Such a construction renders this appeal premature. See Rule 4(a)(4), Federal Rules of Appellate Procedure.
 
 
 4
 If the motion for a due process claim is not construed as a 59(e) motion, the notice of appeal, filed April 25, 1986, is 36 days late. Therefore, under either construction, this Court lacks jurisdiction.
 
 
 5
 It is ORDERED that this appeal be and hereby is dismissed.